UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **SACV 12-01961-MWF**                                Date: **April 29, 2013**

Title:   In re: Yan Sui

---

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR APPELLANT:        ATTORNEYS PRESENT FOR APPELLEE:

None Present                                                  None Present

PROCEEDINGS (IN CHAMBERS):   ORDER DISCHARGING ORDER TO SHOW CAUSE [16], AND AFFIRMING BANKRUPTCY COURT ORDER

Debtor-Appellant Yan Sui filed this bankruptcy appeal from the Order Granting Motion (1) to Dismiss Complaint; and (2) to Strike Complaint (the "Bankruptcy Court Order") filed and entered on November 19, 2012. (Docket No. 15). The Court has read and considered the papers filed on this bankruptcy appeal and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local rule 7-15. For the reasons stated below, the Bankruptcy Court Order is AFFIRMED.

As a preliminary matter, on January 11, 2013, the Court issued an Order to Show Cause Re: Dismissal for Lack of Prosecution. (Docket No. 16). On January 23, 2013, Mr. Sui filed a response (the "Response"). (Case No. SA 12-01501, Docket No. 9). The Court has reviewed that Response, and the Order to Show Cause (Docket No. 16) is hereby DISCHARGED.

**Background**

By now, the facts are well known to the parties and the Bankruptcy Court. On July 27, 2011, Mr. Sui filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code. On the same day, Richard A. Marshack was appointed as the Chapter 7 Trustee for Mr. Sui's estate.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **SACV 12-01961-MWF**                              Date:  **April 29, 2013**

Title:       In re: Yan Sui

---

On August 22, 2011, the Trustee retained David M. Goodrich as general counsel for the Trustee to investigate Mr. Sui's potential assets, including the personal residence located in Costa Mesa, California, that eventually became the subject of an adversary proceeding and related appeal.  (*See* Case No. SA 12-01501).  The Bankruptcy Court for the Central District of California (the Honorable Catherine Bauer) entered an order approving the Trustee's retention of Mr. Goodrich as general counsel for the Trustee.  (*See* Excerpts of Record ("ER") 72 (Docket No. 20)).

On August 21, 2012, Mr. Sui filed a Complaint in California Superior Court against Mr. Goodrich and certain individuals involved with the "2176 Homeowners Association," the community in which the Costa Mesa residence is located (the "Superior Court Action").  Before filing his bankruptcy petition, Mr. Sui had filed a number of lawsuits against the 2176 Homeowners Association.  Mr. Goodrich had substituted into these lawsuits and settled the prepetition claims as property of the estate.  On August 10, 2012, the Bankruptcy Court had issued an order approving this settlement.  (*See* ER 72).  Indeed, on August 13, 2012, Mr. Sui had appealed the Bankruptcy Court's order approving this settlement to the Bankruptcy Appellate Panel for the Ninth Circuit.  (*See id.*)

On September 21, 2012, Mr. Goodrich removed the Superior Court Action to the Bankruptcy Court.  (ER 38-50).  On the same day, Mr. Goodrich filed the Motion (1) to Dismiss Complaint; and (2) to Strike Complaint ("Motion to Dismiss").  (ER 51-71).  On October 30, 2012, the Bankruptcy Court held a hearing and granted the Motion to Dismiss with respect to Mr. Goodrich on the basis of quasi-judicial immunity.  (ER 108-18).  Apparently, the Superior Court Action was remanded with respect to the remaining defendants.  (*See* ER 116-17).  Thereafter, the Bankruptcy Court Order, granting the Motion to Dismiss as to Mr. Goodrich, was filed and entered on November 19, 2012.  (Docket No. 15).  Mr. Sui timely appealed.

---

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

CIVIL MINUTES -- GENERAL

Case No.   **SACV 12-01961-MWF**                                   Date:  **April 29, 2013**

Title:        In re: Yan Sui

---

**Jurisdiction**

      The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.  The Bankruptcy Court had jurisdiction over the removed Superior Court Action pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 157(b)(1).

      The Superior Court Action "concern[ed] the administration of the estate" and consequently was a core proceeding under Section 157(b)(2)(A).  *See also* 11 U.S.C. § 157(b)(2)(O) ("Core proceedings include . . . other proceedings affecting the liquidation of the assets of the estate . . . .").

      Mr. Goodrich properly removed the Superior Court Action pursuant to 28 U.S.C. § 1452.  *See In re Law*, 435 F. App'x 702, 703 (9th Cir. 2011) ("[T]he bankruptcy court had jurisdiction over the removed state-law claims against the trustee because they concerned the administration of the bankruptcy estate.").

      Furthermore, pursuant to Section 157(b)(1), the Bankruptcy Court has subject matter jurisdiction over all pre-trial matters in core proceedings.  *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 558 (9th Cir. 2011) (finding that a bankruptcy court may retain jurisdiction over all pre-trial matters in core proceedings).  The Motion to Dismiss is a pre-trial matter in a core proceeding.

**Standard of Review**

      A bankruptcy court's conclusions of law are reviewed de novo and findings of fact are reviewed for clear error.  *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007) (citing cases).

      In determining whether to dismiss a complaint in an action that is a core proceeding, a bankruptcy judge applies the same legal standard as would a district judge in a typical civil case – Federal Rule of Civil Procedure 12(b)(6).  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Not surprisingly, then, the ruling on a motion to dismiss is reviewed de novo.  *Plaine v. McCabe*, 797 F.2d 713, 722-23 (9th Cir. 1986) (citing cases).

---

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | JS-6 |

CIVIL MINUTES -- GENERAL

Case No.   **SACV 12-01961-MWF**                               Date:  **April 29, 2013**

Title:      In re: Yan Sui

---

**Analysis**

     As a threshold matter, a "party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankuptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity."  *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005) (citations omitted).  "Without leave of the court that appointed the trustee (the 'appointing court'), the other forum lack[s] subject matter jurisdiction over the suit."  *In re Harris*, 590 F.3d 730, 741 (9th Cir. 2009) (citing *In re Crown Vantage, Inc.*, 421 F.3d at 971) (internal quotation marks omitted).

     "That is to say, [a] court other than the appointing court has no jurisdiction to entertain an action against the trustee for acts within the trustee's authority as an officer of the court without leave of the appointing court."  *Id.* at 742 (citation and internal quotation marks omitted).  "The rationale for this doctrine is that [t]he requirement of uniform application of bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate be brought either in bankruptcy court or with leave of the bankruptcy court."  *Id.* at 742 (citation and internal quotation marks omitted).

     Mr. Sui did not seek or obtain leave from the Bankruptcy Court to file the Superior Court Action.  Consequently, the Superior Court lacked subject matter jurisdiction over that action, and Mr. Goodrich's Motion to Dismiss properly was granted.

     Furthermore, the Bankruptcy Court rightly concluded that Mr. Goodrich was protected from liability on the basis of quasi-judicial immunity.  *See, e.g.*, *In re Law*, 435 F. App'x at 703 ("The BAP properly determined that [the debtor]'s complaint failed to state a claim against the trustee because the allegations against the trustee concerned his court-authorized management of the bankruptcy estate, for which he enjoyed immunity."); *In re Harris*, 590 F.3d at 742 ("[C]ourt appointed officers who represent the estate are the functional equivalent of a trustee.  The doctrine of judicial immunity also applies to court approved attorneys for the trustee." (citation and internal quotation marks omitted)).

---

                                  **CIVIL MINUTES—GENERAL**                             **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **SACV 12-01961-MWF**                                Date:   **April 29, 2013**

Title:       In re: Yan Sui

---

"For derived quasi-judicial immunity to apply, [defendants] must satisfy the following four elements: (1) their acts were within the scope of their authority; (2) the debtor had notice of their proposed acts; (3) they candidly disclosed their proposed acts to the bankruptcy court; and (4) the bankruptcy court approved their acts." *In re Harris*, 590 F.3d at 742 (citations omitted).

As discussed above, Mr. Goodrich, as general counsel for the Trustee, substituted in and settled several prepetition claims on behalf of the estate. Mr. Sui's Complaint in the Superior Court Action demonstrates that he had notice of Mr. Goodrich's actions. Moreover, the Bankruptcy Court approved not only the Trustee's retaining Mr. Goodrich, but also Mr. Goodrich's settling of these prepetition claims. Therefore, Mr. Goodrich was protected by quasi-judicial immunity, and the Motion to Dismiss properly was granted.

## Conclusion

Accordingly, the Bankruptcy Court Order is AFFIRMED.

IT IS SO ORDERED.